IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL T. HENDRIX,

      Petitioner,                      No. 2:11-cv-3399 GEB CKD P

     vs.

CONNIE GIPSON,

      Respondent.                 FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 11, 2012, petitioner filed a motion to amend the petition (Dkt. No. 21 ("Mtn.")), to which respondent filed an opposition (Dkt. No. 25).  The court addresses this motion below.

        Petitioner filed the original petition in this action on December 19, 2011.  (Dkt. No. 1 ("Ptn.").)  He asserted one claim: that the trial court "used [an] improper factor to justify imposition of the upper term of imprisonment" following his January 2010 conviction for attempted murder with use of a deadly weapon.  (Id. at 1, 4.)  Specifically, the trial court "made an improper dual use of his 2001 prior conviction for arson to both justify imposition of the upper term on the attempted murder conviction and to impose a five year term on the prior serious felony conviction enhancement."  (Id. at 22.)  On June 11, 2012, respondent filed an

1

answer to the petition. (Dkt. No. 19.)

On July 11, 2012, petitioner filed a motion to amend the petition, along with a proposed first amended petition. The amended petition raised two claims: the original improper enhancement claim and a claim that "the judge should [have] been removed due to receiving illegal benefits." (Dkt. No. 22 ("FAP") at 4.) Respondent filed an opposition, arguing that amending the petition to add the new claim "would be an act of futility because the new claim is barred by the statute of limitations and is unexhausted." (Dkt. No. 25 at 1.)

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. Mayle v. Felix, 545 U.S. 644, 654 (2005). Although leave of court should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay the action, or if the party acted in a dilatory fashion in seeking to amend. Foman v. Davis, 371 U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (applying these factors in a habeas case); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same). "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990).

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were or should have been apparent early. Bonin, 59 F.3d at 846. Such facts might also support a finding that the party acted in a dilatory fashion when seeking to amend. Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999). A motion to amend a pleading is addressed to the sound discretion of the court and must be decided upon the facts and circumstances of each particular case. Sackett v. Beaman, 399 F.2d 884, 889 (9th Cir. 1968). "[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin, 59 F.3d at 845 (citing Allen v. City of

Beverly Hills, 911 F.2d 367, 374 (9th Cir.1990)).

Here, the court recommends that petitioner's motion for leave to amend be denied as futile because petitioner's proposed new claim (trial judge should have been removed due to illegal benefits) fails on its merits. See Garcia v. Clark, 2011 WL 6819812, *4 (E.D. Cal. Dec. 28, 2011) (recommending that motion to amend petition be denied due to futility on the merits). As to this new claim, petitioner "presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." See Bonin, supra, 59 F.3d at 845. His motion to amend states only that "additional . . . supporting grounds and evidence have come into [existence] to support my claims"; it fails to explain in specific terms why he did not raise this claim earlier. (Mtn. at 2.) More importantly, the claim itself, as stated in the proposed amended petition, does not allege what "benefits" were received by the trial judge or why they were improper. Petitioner vaguely refers to "benefits paid to Sacramento County Judges" (FAP at 4), but does not allege how this matter relates to his own criminal case or how it renders his conviction and/or sentence unconstitutional. Exhibits attached to the proposed amended petition do not clarify or bolster this new claim.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, it is plain from the proposed amended petition and exhibits that petitioner is not entitled to federal habeas relief on his proposed new claim. Accordingly, the court will recommend that the motion to amend be denied due to futility.

In light of this recommendation, the court will not reach respondent's contentions that the proposed new claim is also time-barred and unexhausted. See 28 U.S.C. § 2254(b)(2) (an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Green v. White, 223 F.3d 1001, 1003–04 (9th Cir.2000) (AEDPA's statute of limitations is not

1  jurisdictional).

2          Accordingly, IT IS HEREBY RECOMMENDED THAT petitioner's July 11,
3  2012 motion to amend (Dkt. No. 21) be denied, and this case proceed on the complaint filed
4  December 19, 2011.

5          These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within fourteen days after service of the objections.  The parties are
11 advised that failure to file objections within the specified time may waive the right to appeal the
12 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hend3399.amend