IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL T. HENDRIX,

    Petitioner,                      No. 2:11-cv-3399 GEB CKD P

    vs.

CONNIE GIPSON,

    Respondent.                   FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner, is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his upper-term sentence following a 2010 conviction for attempted murder and infliction of corporal injury on a cohabitant, plus enhancements, for which petitioner was sentenced to twenty-nine years in state prison. (Dkt. No. 1 ("Ptn.") at 1.) Respondent has filed an answer to the petition. (Dkt. No. 19.) Upon careful consideration of the record and the applicable law, the undersigned will recommend that the petition be denied.

BACKGROUND

        In its affirmation of the judgment on appeal, the California Court of Appeal, Third Appellate District, set forth the relevant facts. As the details of the underlying offense are not directly relevant to petitioner's challenge to his upper term-sentence, the undersigned

1

summarizes the court of appeal's findings as follows:

> After dating for approximately two years, petitioner moved in with Natasha Moore and her three children in March 2008. In September 2008, Moore asked petitioner to leave. After petitioner moved out, he called Moore daily and left threatening messages. On November 13, 2008, defendant pushed his way into Moore's house when she opened the door and attacked her with a kitchen knife, cutting her neck from side to side. Petitioner grabbed her throat and tried to pull at her exposed tracheal tube. Petitioner then tried to put Moore in the car trunk, but Moore fought back. She kept screaming, and petitioner eventually fled the scene. Moore continued to scream for help until a neighbor came to her assistance and called 911. (Dkt. No. 19-1 ("Opinion") at 3-5.)

The court of appeal continued (referring to petitioner as "defendant"):

> Defendant was eventually apprehended. Among other things, count one of an amended information charged defendant with attempted murder (Pen. Code §§ 664, 187, subd. (a)[1]), and alleged that he personally used a deadly and dangerous weapon and personally inflicted great bodily injury (§§ 12022, subd. (b)(1), 12022.7, subd. (e)). Count two charged him with corporal injury on a former cohabitant resulting in a traumatic condition (§ 273.5, subd. (a)), and alleged that he personally used a deadly and dangerous weapon and personally inflicted great bodily injury (§§ 12022, subd. (b)(1), 12022.7, subd. (e)). The amended information also alleged that defendant had a prior conviction for arson (§ 451, subd. (b)), a serious felony within the meaning of section 667, subdivision (a).
>
> A jury convicted defendant on both counts, and found the foregoing special allegations true. The court found the prior conviction allegations true and sentenced defendant to an aggregate term of 29 years in state prison, comprised of the upper term of nine years on count one, doubled pursuant to the prior strike, plus one year for personal use of a deadly weapon, five years for personal infliction of great bodily injury, and "a [section] 667(a) prior which enhances the term by an additional 5 years." The court also imposed the upper term of five years on count two "for the same reasons already stated under [section] 12022.7(e)," but stayed that term pursuant to section 654.

---

[1] Unspecified statutory references are to the California Penal Code.

2

(Opinion at 5-6.)

Petitioner was found guilty on November 13, 2009 and sentenced on January 8, 2010 following a court trial. (Lod. Doc. 1 at 202-204, 219, 257-258.) On June 24, 2010, petitioner appealed the judgment. (Lod. Doc. 4.) On October 22, 2010, the California Court of Appeal, Third Appellate District affirmed the judgment. (Dkt. No. 19-1.) On December 28, 2010, the superior court denied petitioner's motion for modification of sentence. (Lod. Doc. 7.) On January 12, 2011, the California Supreme Court summarily denied petitioner's petition for review. (Lod. Doc. 8.)

## ANALYSIS

### I. AEDPA

The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Rather, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

of any indication or state-law procedural principles to the contrary." Id. at 784-785, citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The Supreme Court has set forth the operative standard for federal habeas review of state court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Harrington, supra, 131 S. Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786, citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Accordingly, "a habeas court must determine what arguments or theories supported or . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" Id. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338 (2006).

The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, supra, 131 S.Ct. at 786-787. Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection). The established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. 3, 9 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early, supra, 537 U.S. at 8. Where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method

by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted." Johnson v. Williams, No. 11-465, slip op. at 10, 568 U.S. ____ (Feb. 20, 2013). "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to" de novo review of the claim. Id., slip op. at 13.

II. Petitioner's Claim

Petitioner contends that the trial court improperly used his 2001 prior conviction for arson both to justify the imposition of the upper term for his attempted murder conviction and to add a five-year enhancement pursuant to section 667(a). (Ptn. at 4-5.[2]) He notes that "California prohibits the dual use of prior convictions to be used to impose a consecutive sentence, and then used as an aggravating factor in imposing the upper term." (Id. at 5.) Petitioner asserts that "[t]his had a substantial and injurious effect, upon my right to due process" and that, had the 2001 arson conviction not been used as an aggravating factor, "a reasonable probability exists that the outcome would be different, as the remain[ing] 6 felonies used in aggravation were wobblers." (Id.)

A. State Court Decision

Addressing petitioner's claim, the state court of appeal reasoned[3]:

> Defendant claims the court improperly used his 2001 felony
> conviction for arson both to justify imposition of the upper term
> and to enhance his sentence by five years pursuant to section 667,

---

[2] Citations to page numbers refer to numbers assigned by the court's docketing system.

[3] Where there is no reasoned decision from the state's highest court, the court "looks through" to the last reasoned state court decision. Y1st v. Nunnemaker, 501 U.S. 797, 801–806 (1991); Van Lynn v. Farmon, 347 F.3d 735 (9th Cir. 2003).

6

subdivision (a). FN2  He claims the error was prejudicial because his prior criminal record was not that serious without consideration of the prior arson conviction," making it reasonably probable that the trial court would have, in the absence of consideration of the prior conviction, imposed the middle term.  In anticipation of a forfeiture argument by the People, defendant argues his claim was not "waived" because he was not given a meaningful opportunity to object and, alternatively, his trial counsel denied him his right to effective assistance by failing to object.

FN2. Section 667, subdivision (a)(1), reads in pertinent part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state ... shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

"[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  (People v. Scott (1994) 9 Cal.4th 331, 356 (Scott ); see also People v. Sharp (2003) 112 Cal.App.4th 1336, 1339.) Relying on Scott, supra, 9 Cal.4th at page 356, defendant urges his claim is not forfeited because he had no meaningful opportunity to object. We are not persuaded.

In Scott, the trial court pronounced sentence, then invited comments from counsel; however, no objections were raised. (Scott, supra, 9 Cal.4th at p. 340.)  Our state's highest court noted that a meaningful opportunity exists "if, during the course of the sentencing hearing itself and before objections are made, the parties are clearly apprised of the sentence the court intends to impose and the reasons that support any discretionary choices." (Id. at p. 356.)

Here, the probation report recommended the high term "considering the defendant's prior record of criminal conduct is significant ( [Cal. Rules of Court,] Rule 4.414(b)(1)) and the defendant's prior performance on parole was unsatisfactory ([Cal. Rules of Court,] Rule 4.414(b)(2))."  The prosecution requested imposition of the upper term "as explained by the probation, or as cited by the Probation Department, as his lengthy record would call for the high term of 9 years."  Immediately thereafter, the court inquired if defense counsel had "any comments on behalf of the Defense" and added that it was "the Court's intention to impose the maximum sentence, which is 29 years."  Defense counsel requested the middle term on both counts, asked that a letter be attached to the probation report, and submitted the matter.  The court, confirming it had read and considered the probation report, reiterated its intent "to impose the maximum sentence."  The court then pronounced the sentence, awarded custody credits and imposed fees and fines.  In sentencing defendant to the upper term,

the trial court referred to defendant's entire criminal record, which included the 2001 felony conviction for arson and six other felony convictions. The trial court said: "The upper term is being selected in this matter because of your extensive criminal history. Ms. Dozier [the prosecutor] actually hit it right, there are 7 prior felony convictions that I show. I think you had a higher number, but I'm showing 7." Defendant did not object to the trial court's reasons for imposing the upper term, but defense counsel did raise an issue regarding the custody credit calculation and requested clarification regarding a restitution fine.

The record is plain that the court stated its intention to impose the upper term and that defendant had ample opportunity to object, both before pronouncement of judgment and after, prior to conclusion of the hearing. Defendant's failure to object forfeits his claim on appeal. (Scott, supra, 9 Cal.4th at pp. 353, 355; People v. Brown (2000) 83 Cal.App.4th 1037, 1041-1042.)

But even if defendant had preserved his claim for appeal, he has not shown any error resulting in prejudice.

Generally, a trial court cannot use a single fact both to aggravate the base term and to impose an enhancement. (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420(c) & (d); Scott, supra, 9 Cal.4th at p. 350; People v. McFearson (2008) 168 Cal.App.4th 388, 395 [trial court may not use a single prior conviction both to impose the upper term and to enhance the sentence as a prior prison (§ 667, subd. (a)) ].) Use of the 2001 felony in imposing the upper term was improper, given that the court imposed a consecutive five-year term pursuant to section 667, subdivision (a), based on that same prior conviction; however, the error is harmless because "[i]t is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error." (People v. Avalos (1984) 37 Cal.3d 216, 233; see People v. Osband (1996) 13 Cal.4th 622, 728-729.) The court relied on the totality of defendant's criminal record – seven felony convictions in all – to impose the upper term. Minus the 2001 arson conviction, the remaining six felony convictions provide ample support for imposition of the upper term. The probation report also noted that defendant's prior performance on parole was unsatisfactory, a fact which also would have supported the upper term. The court could also have relied, as it did with respect to count two, on "the cruelty and [callousness] and viciousness of the attack," and the fact that the victim was attacked in her home (i.e., she was particularly vulnerable) (Cal. Rules of Court, rule 4.421(a)(1),(3)). A single aggravating factor will support an upper-term sentence. (People v. Eastbound, supra, 13 Cal.4th at p. 728.) Moreover, consistent with the probation report, the court did not find any circumstances in mitigation under California Rules of Court, rule 4.423. Given the valid aggravating factors and the lack of mitigating circumstances, it is not reasonably probable that the trial court would have imposed

8

anything less than the upper term.

(Opinion at 6-10, some internal citations omitted).

B. <u>Discussion</u>

Respondent contends that petitioner's claim is procedurally barred. Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief relies on a state law ground that is independent of federal law and adequate to support the judgment. See <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Harris v. Reed</u>, 489 U.S. 255, 260–62 (1989). However, a discretionary state rule is not adequate to bar federal habeas corpus review. See <u>Siripongs v. Calderon</u>, 35 F.3d 1308 (9th Cir. 1994). Generally, the only state law grounds meeting these requirements are state procedural rules. Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. See <u>Harris</u>, 489 U.S. at 262 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 485, 495 (1986)).

In the instant case, the last reasoned state court decision concluded that petitioner forfeited his claim by failing to object to imposition of the upper-term sentence at the proper time. Under California law, "[a]n appellate court will not consider claims of error that could have been — but were not — raised in the trial court." <u>People v. Vera</u>, 15 Cal.4th 269, 275–76 (1997). In <u>Rich v. Calderon</u>, 187 F.3d 1064, 1066 (9th Cir. 1999) and <u>Vansickel v. White</u>, 166 F.3d 953, 957-958 (9th Cir. 1997), the Ninth Circuit held that California's contemporaneous objection rule is an adequate and independent state procedural rule when properly invoked by the state courts. The Ninth Circuit has also concluded that the contemporaneous objection rule has been consistently applied by the California courts. See <u>Fairbanks v. Ayers</u>, 650 F.3d 1243, 1256 (9th Cir. 2011); <u>Melendez v. Pliler</u>, 288 F.3d 1120, 1125 (9th Cir. 2002).

Here, while the court of appeal invoked the contemporaneous objection rule in declaring petitioner's claim forfeited, it went on to alternately consider petitioner's claim on the

merits. In the Ninth Circuit, it is a "well-settled rule that 'the independent state grounds doctrine bars the federal courts from reconsidering the issue in the context of habeas corpus review as long as the state court explicitly invokes a state procedural bar rule as a separate basis for its decision.'" Fairbank v. Ayers, 650 F.3d 1243, 1256 (9th Cir. 2011), citing Jackson v. Giurbino, 364 F.3d 1002, 1006 (9th Cir. 2004). See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.") (Italics in original.)

Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice such as would allow the court to consider this procedurally defaulted claim. On appeal, he argued that his attorney's failure to object to an upper term sentence constituted ineffective assistance of counsel. (Lod. Doc. 4.) However, as the trial court based the upper term on petitioner's criminal record as a whole, including a total of seven felony convictions, any objection by petitioner's counsel would have likely been futile. (See Opinion at 10-11) (no prejudice from attorney's failure to object to upper term). Thus the undersigned concludes that petitioner's claim is barred.

Moreover, even if the claim were not barred, it is not meritorious. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. Thus, insofar as petitioner argues that the trial court misapplied California law in imposing the upper term sentence, his claim is not cognizable on federal habeas review.

Under federal law, petitioner's overall criminal record justified his upper-term sentence. While the imposition of an upper term based on aggravating factors not found by the jury generally violates the Sixth Amendment, the Supreme Court has retained an exception for

10

findings of a defendant's prior convictions. Cunningham v. California, 549 U.S. 270 (2007); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Federal courts have acknowledged that "under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence." Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008). For that reason, if at least one of the aggravating factors on which the judge relied in sentencing was established in a manner consistent with the Sixth Amendment, the sentence does not violate the Constitution. Id.

Here, only a single prior conviction was necessary to support an upper term sentence on the attempted murder count. Petitioner had six felony convictions, aside from the disputed 2001 conviction. Thus there was no sentencing error under federal law.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. The petition (Dkt. No. 1) be denied; and

2. This case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

\\\\\

\\\\\

\\\\\

\\\\\

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 2, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / hend3399.hc